IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CRIM Action No. 08-29 |
| HAROLD WOLFORD | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is a *pro se* motion filed by Defendant Harold Wolford ("defendant" or "Wolford") entitled "Petition to Dismiss Indictment Want of Jurisdiction, Challenge of Constitutionality of a Statute 18 U.S.C. § 3231- Certification Intervention and Notice to the United States in Official Capacity" ("Petition") [Doc. #40]. Defendant is charged with violating 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii) (possession with intent to distribute 5 grams or more of crack cocaine) and 18 U.S.C. §924(c)(1)(A)(1) (unlawful possession of a firearm in furtherance of a drug trafficking crime), laws of the United States. Previously we have denied motions filed by defendant *pro se* on the basis that he is represented by counsel. Defendant's Petition, however, contends that Wolford is being imprisoned in violation of the United States Constitution. Therefore, we address defendant's Petition on its merits and conclude that Defendant's Petition is frivolous and is denied in its entirety.

In the Petition, Wolford first asserts that 18 U.S.C. § 3231, which bestows jurisdiction over violations of federal crimes on the federal district courts, was not enacted in a constitutional manner, and therefore this Court does not have jurisdiction to prosecute the defendant and his detention is unlawful. The gravamen of defendant's argument is that there was a *sine die* recess

in Congress between the adoption of Public Law No. 80-772 by the House of Representatives and its adoption by the Senate, in violation of the United States Constitution, and therefore, 18 U.S.C. § 3231 and all of Title 18 is unconstitutional.

Defendant also argues in the Petition that his continued incarceration violates the habeas standard and due process because "to meet Due Process, Public Law 80-772 and 18 U.S.C. § 3231 would have to give adequate public notice on their faces of their own invalidity and the public would have to have been put on notice that the officially announced statutory repeal or supercession of the old statutes was legally effective." Defendant's Petition, p. 5.

Defendant further contends that his continued incarceration violates the standard set forth in Glover v. United States, 531 U.S. 198 (2001) that "even a minimal amount of time in prison without legal authority invokes constitutional violation." Wolford seems to be arguing that this Court lacks jurisdiction because the caption on the Indictment against him states that the "United States of America" brought this case against him. It is Wolford's position that the United States Attorneys' Office for the Western District of Pennsylvania can only prosecute criminal cases on behalf of the "United States" pursuant to 28 U.S.C. § 547.

Finally, Wolford argues that if this Court refuses to address the issues raised in the Petition then we will be violating 28 U.S.C. § 455 and creating a *prima facie* case of bias throughout the entire proceedings of this case.

In United States v. Potts, 2007 WL 3036847 (3d Cir. Oct. 18, 2007), the United States Court of Appeals for the Third Circuit addressed whether 18 U.S.C. § 3231 was properly enacted and is binding. 18 U.S.C. § 3231 provides in relevant part: "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against

2

the laws of the United States." In holding that § 3231 was properly enacted and is binding, the

Potts court explained:

> Section 3231 of title 18 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Therefore, where an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment. The 1948 amendment to that statute, Public Law 80-772, passed both houses of Congress and was signed into law by President Truman on June 25, 1948. Potts has provided no authority for his argument that there was a *sine die* recess between the votes of the House and Senate. The cases he cited stand for the contrary proposition. The statute relied upon for jurisdiction in this case was properly enacted and is binding. Section 3231 provides the district court with subject matter jurisdiction over drug distribution and murder charges such as Potts'.

Id. at *2 (citations omitted). See also United States v. Abdullah, 289 Fed.Appx. 541, 543 n. 1 (3rd Cir. 2008) (same); United States v. Johnson, 2008 WL 761109, *1 (3d Cir. March 24, 2008) (same); Benjamin v. Miner, 2007 WL 4239970, *1 (3d Cir. December 4, 2007) (same).

Moreover, numerous district courts have addressed this argument and all have concluded that 18 U.S.C. § 3231 was properly, i.e. constitutionally, enacted. See, for example, Little v. Levi, 2007 WL 4255265, *1 (E.D. Pa. Nov. 29, 2007); United States v. Felipe, 2007 WL 2207804, *2 (E.D. Pa. July 30, 2007); United States v. Martinez, 2006 WL 1293261, *5-6 (S.D. Tex. May 6, 2006); United States v. Risquet, 426 F.Supp.2d 310, 311-12 (E.D. Pa.2006).

We similarly find that 18 U.S.C. § 3231 and all of Title 18 was constitutionally enacted and confers this Court with jurisdiction over the crimes with which Wolford has been charged. In so holding, we adopt the analysis of this issue by the court in Cardenas-Celestino v. United States, 552 F.Supp2d 962, 966 (W.D. Mo. 2008). The Cardenas-Celestino court first concluded:

3

[As explained in Felipe, t]here was no *sine die* recess between the votes of the House and Senate; rather, there was an inter-session adjournment between these events. The House of Representatives passed Public Law 80-772 in the first session of the 80th Congress, while the Senate passed Public Law 80-772 during the second session of that Congress. This recess, however, was an inter-session, not a *sine die*, recess. Bills passed by one house before an inter-session recess and by the other house after the recess are properly passed by Congress. Thus, Public Law 80-772 was passed by both houses before a *sine die* recess was called and, therefore, was properly enacted.

Id. at 967 (quoting Felipe, 2007 WL 2207804 at *2 (citations omitted)). The Cardenas-Celestino court further explained:

> Upon presenting its own dissection of the defendant's argument, the Felipe court stressed that all courts have "reached the correct conclusion that this mythical story concerning the irregular adoption of Public Law Number 80-772 is utterly baseless." Id.; *see also* United States v. Schultz, Nos. 093-CR-08(02)(JMR/FLN), 06-CV-5020(JMR), 2007 WL 2872387, at *2 (D.Minn. Sept. 26, 2007) (describing the claim as "one of the jailhouse lawyers' arguments du jour," and declaring that "[i]t has never been accepted, and will not be accepted here.")

> Moreover, in United States v. Risquet, 426 F.Supp.2d 310, 311-12 (E.D. Pa. 2006), the court emphasized that even assuming, for the sake of argument, that these allegations concerning the events of June 25, 1948, were true, that would merely mean that the predecessor statute to 18 U.S.C. § 3231 was still in effect, and this predecessor statute unmistakably grants the same type of jurisdiction upon federal district courts. *Accord* Sainsbury v. Levi, Civ. A. No. 07-4545, 2007 WL 4104097, at *2 (E.D. Pa. Nov. 16, 2007); United States v. Lawrence, No. 02 CR 200, 2006 WL 250702, at *2 (N.D. Ill. Jan. 27, 2006).

> . . .

> Furthermore, even if [defendant's] historical arguments are correct, and, even if there had been no predecessor statute to 18 U.S.C. § 3231 that vested this Court with jurisdiction over [defendant's] offenses, the "enrolled bill" rule would preclude this Court from granting [defendant] the relief he seeks. The "enrolled bill" rule, which was adopted by the Supreme Court in Marshall Field & Co. v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892), provides that once a bill has been signed by the Speaker of the House and by the President of the Senate,

4

and then signed by the President of the United States, "its authentication as a bill that has passed Congress should be deemed complete and unimpeachable." Accordingly, such a bill, duly attested, cannot be challenged by claims that one or both houses of Congress acted improperly in passing the bill in question. [United States v. Campbell, 221 Fed.Appx. 459, 461 (7th Cir.2007)].

> In Campbell, the defendant contended "that 18 U.S.C. § 3231, which gives district judges jurisdiction to hear criminal prosecutions, has no legal effect because the House and Senate did not vote on it in the same session of Congress." Id. Although stressing that "[t]his belief is factually incorrect," the court in Campbell went on to note that the "enrolled bill" rule "prevents looking behind laws in th[at] way." Id. See also United States v. Chillemi, Nos. CR-03-0917-PHX-PGR, CV-07-0430-PHK-PGR(JI), 2007 WL 2995726, at *7 (D. Ariz. Oct. 12, 2007) ("Whatever the merits or lack thereof in Movant's historical arguments, in view of "enrolled bill" rule, this Court is not free to consider a challenge to the validity of enactment of Title 18 based upon purported defects in the political process").

Id. at 967-68.

Having held that 18 U.S.C. § 3231 and all of Title 18 was properly enacted and does not violate the United States Constitution, such that we have jurisdiction over the crimes with which Wolford is charged, we further find that defendant's continued incarceration pursuant to our jurisdiction under § 3231 does not violate the habeas standard. Nor have Wolford's due process rights been violated.

We also find that Wolford's continued incarceration does not violate any standard set forth in Glover v. United States, 531 U.S. 198 (2001). The "United States of America" and the "United States" are interchangeable names for the same entity. See United States v. Stout, 2003 WL 22017501, *1 (7th Cir. Aug. 30, 2003) ("the terms 'United States of America' and "United States' are used interchangeably, *see generally*, e.g. U.S. Const. pmbl, and [defendant's] argument is a nonsensical exercise in semantics"). Therefore, the fact that the caption of the Indictment against Wolford states the "United States of America" rather than the "United States"

5

does not deprive this Court of jurisdiction.

Finally, having analyzed the Petition on its merits, we find Defendant's argument with respect to judicial bias in violation of 28 U.S.C. § 455 to be moot since said argument was premised our failure to address the Petition on its merits.

AND NOW, this  13th  day of May, 2009, for all of the above-stated reasons, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's frivolous "Petition to Dismiss Indictment Want of Jurisdiction, Challenge of Constitutionality of a Statute 18 U.S.C. § 3231-Certification Intervention and Notice to the United States in Official Capacity" [Doc. #40] is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Harold Wolford
#09750-089
NEOCC
2240 Hubbard Road
Youngstown, OH 44505