IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 08-29 |
| | ) | |
| HAROLD WOLFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Harold Wolford's "Motion to Produce Evidence

Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 With

Citation of Authority" ("Defendant's Motion to Produce Evidence") [Doc. #81]. In this Motion

to Produce Evidence, Defendant asks this Court "for an Order compelling the government to

provide Mr. Wolford with a statement containing the nature, dates and places of occurrences of

any criminal offenses or acts of misconduct other than those specified in the Indictment which

the prosecution will attempt to prove at trial, and the purpose for which the government will seek

to admit such evidence." Defendant's Motion to Produce Evidence, pp. 1-2. The Defendant also

requests a pretrial hearing on the admissibility of any of the evidence which the government

intends to offer pursuant to Rule 404(b), in its case-in-chief, on cross-examination were Mr.

Wolford to decide to testify, and/or in rebuttal. Id., p. 3.

In response, the Government states first that it "has provided the defense with

documentation regarding the following incidents which it intends to admit in its case in chief"

and then enumerates seven specific incidents involving Defendant and either drugs or guns.

Government's Response to Motion 404(b) and 609 Evidence (Doc. 81) ("Government's

Response"), pp, 1-2. Second, the Government states that "[p]ursuant to the written agreement of the parties, the government will not, in its case in chief, offer any statements made by the defendant during his 2008 debriefing. This information may, however, be used in cross-examination or rebuttal." Id. at p. 3. Third, the Government explains that it "does not intend in its case in chief, to enter into evidence any testimony indicating that the handgun possessed by the defendant was used in a previous unsolved murder. In the currently unforeseeable circumstances that this becomes relevant, the government will seek a ruling under Rule 403 before proceeding." Id. Fourth, the Government states that "[t]he defense has been advised that potential charges in any Superceding Indictment could include 18 U.S.C. § 922(g)(1) and 922 (g)(2). In that event, the defendant's convictions above [the seven enumerated incidents] would be intrinsic and not extrinsic. Similarly, the defendant's status as a fugitive would be intrinsic and not extrinsic. The underlying facts of this incident, however, would remain extrinsic and subject to the analysis required by Rules 404 and 403." Id. "The offense that is the subject of potential charges in any superceding indictment occurred on January 20, 2008" as compared to "the currently charged offense [which] is alleged to have occurred on or about March 15, 2008." Id. Finally, the Government contends that "[t]he defendant received a sentence of 'time served' and five years probation [in] case 199403893 and 'no further' penalty' in cases 199403894 and 199403892. On December 28, 1998 the defendant's probation was revoked at case 199403893 and he was sentenced to three to twenty-three months in jail, effective January 29, 1999. He was

paroled from that sentence on March 26, 1999." Id. at pp. 3-4. With respect to these 1994 and

1998 cases, the Government continues:

> [a]s the convictions at case 199403893 and 199808717 resulted in a conviction or release from confinement within ten years, they are admissible pursuant to Rule 609(b). Since the sentences of "no further penalty" at cases 199403892 and 199403894 occurred on the same day, before the same Judge, it is clear that the court sentenced the defendant at one case for the entirety of his infractions. This is also shown by the Court's order that the defendant "pay a total of $25.00 per month for all three of his cases . . .". As such the government gives notice of its intention to use all four convictions listed above as permitted by Rule 609(a).

Id.

Given the Government's response to Defendant's Motion to Produce Evidence, we find

that Defendant's request for an Order compelling the government to provide Mr. Wolford with

such information is moot. Therefore, Defendant's motion will be denied as such.

If upon review of the information provided by the Government, the defense wants this

Court to hold a pretrial hearing on the admissibility of any of said evidence, it shall so inform the

Court; the Court will then schedule a pretrial hearing on the admissibility of said evidence at

least seven days prior to trial in this case.

An appropriate Order follows.

August 31, 2010                                    _Maurice B. Cohill, Jr._
                                                   Maurice B. Cohill, Jr.
                                                   Senior District Court Judge