IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR 08-29 |
| | ) | |
| HAROLD WOLFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Harold Wolford's "Motion for Discovery With Citation of Authority" ("Defendant's Motion for Discovery") [Doc. #83]. For the reasons set forth below, Defendant's Motion for Discovery is denied as moot with respect to his first four requests and denied with respect to his fifth request.

**I. Applicable Law.**

Fed.R.CrimP.16 delineates the specific categories of documents and materials the Government must make available to a defendant on request prior to trial, including a defendant's oral, written or recorded statements, prior criminal records, documents and objects that are material to prepare the defense or will be used in the Government's case-in-chief at trial, and summaries of the Government's anticipated expert testimony, among other disclosure requirements. Fed.R.Crim.P. 16. Additionally, in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), the United States Supreme Court made clear that fundamental notions of fairness and due process require the Government to disclose evidence favorable to an accused. Other Supreme Court decisions have further explained what are the Government's obligations in terms of disclosing exculpatory evidence to a defendant. See, for example, Giglio v. United States, 405

U.S. 150, 108 (1972) (holding that the exculpatory evidence the Government must disclose to a defendant includes evidence implicating the credibility of the Government's witnesses). Finally, the so-called Jencks Act governs the timing and scope of the Government's requirement to disclose statements or reports of its testifying witnesses. 18 U.S.C. § 3500.

**II. Information Sought in Defendant's Motion for Discovery.**

In his Motion for Discovery, Defendant asks for five categories of information. See Motion, pp. 1- 2. Defendant claims entitlement to the information pursuant to Local Rule 16.1, Fed.R.Crim.P. 16, and his rights to due process of law pursuant to the Fifth Amendment of the United States Constitution. Id. at p. 3. Essentially, the defendant's position is that the evidence requested is *Brady* material. See Motion for Discovery, p. 12 ("[e]ach of the categories listed in the Defendant's motion is entirely pertinent to the issues of bias on behalf of the witness or is evidence which would otherwise directly impeach the witnesses' credibility.").

Defendant first requests "any and all statements the Defendant rendered to the authorities, in connection with his 'Queen for a Day' debriefing by government agents." Defendant's Motion for Discovery, p. 2.

In response, the Government states:

> Although it is likely that some of the law enforcement officers present may have taken notes, no report or summary is currently known by the government. The government agrees to contact the law enforcement officers and confirm the existence of any reports or summaries. These reports or summaries will be supplied to the defense.

Government's Response, p. 2.

Based upon the Government's response, we find that this request by Defendant is denied as moot at this time. Should the Government not turn this information over (or inform the

2

defense that no such documentation exists) in a timely manner, then the defense may renew this request.

Defendant next requests "any video recording of the stop of the Defendant by the Braddock police on or about March 18, 2005." Defendant's Motion for Discovery, p. 2.

In response, the Government states "Officer Caterino has informed the government that no camera equipment was present, and/or recorded the stop, on either police vehicle." Government's Response, p. 2.

Based upon the Government's response, we find that this request by Defendant is denied as moot.

Defendant's third request is for "[a]ny and all call detail reports generated in connection with the March 18, 2005 stop of the Defendant by the Braddock Police." Defendant's Motion for Discovery, p. 2 (footnote omitted).

In response, the Government states that "Officer Caterino is obtaining any call detail reports which may still exist in this matter and they will be disclosed to the defense." Government's Response, p. 2.

Based upon the Government's response, we find that this request by Defendant is denied as moot at this time. Should the Government not turn this information over (or inform the defense that no such documentation exists) in a timely manner, then the defense may renew this request.

Defendant's fourth request is "[i]n connection with the Latent Print Identification and Certification conducted by Wayne Reutzel on January 10, 2007, copies of all four of the Certified Latent Print cards that were examined (the six pages of "prints" that were provided contained

3

only three of these latent print cards." Defendant's Motion for Discovery, p. 2.

In response, the Government states that the missing two-sided print card for the December 31, 1993 case was inadvertently omitted and that it will provide it to the defense. Government's Response, pp. 2-3.

Based upon the Government's response, we find that this request by Defendant is denied as moot at this time. Should the Government not turn this information over in a timely manner, then the defense may renew this request.

Defendant's fifth and final request is for "copies of any and all documents provided to the Defendant pursuant to his FOIA request." Defendant's Motion for Discovery, p. 2.

In response, the Government states "[t]hese documents are not within the purview of Rule 16 and are therefore, not discoverable...." Government's Response, p. 3. The Government also argues that it "sees no reason to go searching for the exact items provided pursuant to FOIA request when the government has yet to decline any other material requested." Id. The Government further argues that "the defense has not indicated why they cannot get the items from Mr. Wolford." Id. Finally, the Government contends that "[t]he FOIA does not enlarge the scope of the criminal discovery under Rule 16...." Id.

We find that the defense is asking for documents which are already in the Defendant's possession. Therefore, we are denying the Defendant's request for copies of any and all documents provided to the Defendant pursuant to his FOIA request.

## III. Conclusion.

An appropriate Order follows.

September 1, 2010

Maurice B. Cohill, Jr.
Senior District Court Judge

4