# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CR. 08-29 |
| | ) | |
| HAROLD WOLFORD, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## OPINION

Pending before the Court is Defendant's "Motion to Dismiss Indictment Based on Pre-Indictment Delay [Doc. #82]. Defendant moves the court to dismiss the Indictment against him on the basis that the Indictment alleges a singular incident that culminated on March 18, 2005, the government delayed in indicting him until January 24, 2008, approximately 34 months later, and said delay violated his rights under the Fifth Amendment. Motion to Dismiss, ¶¶ 1-2 A hearing was held with respect to this Motion on September 20, 2010 and on September 28, 2010. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

**I. Procedural History:**

The Indictment in this case was returned on January 24, 2008; it was returned in relation to a March 18, 2005 incident whereby Defendant Harold Wolford as arrested by the Braddock, Pennsylvania police for possession of drugs and a gun. The case was originally prosecuted in state court, but was dismissed in state court for failure to timely prosecute, and then adopted by the federal government.

II. Legal Analysis:

In United States v. Ladson, 238 Fed. Appx. 874 (3d Cir. 2007), the appellate court explained:

> Although the statute of limitations is the "primary guarantee against bringing overly stale criminal charges," United States v. Marion, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), it "does not fully define the [defendant's] rights with respect to the events occurring prior to indictment." Id. at 324, 92 S.Ct. 455. Regardless of the statute of limitations, a pre-indictment delay can be considered a due process violation warranting dismissal of the indictment if the defendant can prove both "(1) that the government intentionally delayed bringing the indictment in order to gain some advantage over him, and that (2) this intentional delay caused the defendant actual prejudice." Ismaili, 828 F.2d at 167 (citing Marion, 404 U.S. at 325, 92 S.Ct. 455).

Id. at 876. Thus, in Ladson, while the defendant attempted to prove intentional delay by pointing to the three-plus years of government inaction between the completion of the investigation and the return of the indictment and the fact that the government provided no insight into the reason for the delay, the appellate court disagreed: "While it is true that the prosecutor offered no definite explanation, there is nothing in the record to suggest a nefarious purpose on the part of the government." Id. Thus, the three-year delay was not, by itself, enough to meet the defendant's burden of proof regarding intent.

The Ladson court also noted, in a footnote, that the record revealed that the defendant had not suffered actual prejudice. Id., n. 1. "Ladson's claims at the hearing were entirely speculative, as he failed to identify any specific evidence that had actually become unavailable as a result of the pre-indictment delay." Id.

Defendant did not provide any specific argument with respect to the intentional delay element of the inquiry in his Motion stating only that "[the] delay of the United States in bringing

2

this case is wholly inexplicable." Motion, p. 4.

With respect to the prejudice element of the inquiry, Defendant contended in his Motion that "on the face of it, the United States has obtained an enormous tactical advantage over this Defendant. The ability of the Defendant to properly litigate his suppression motion has been fundamentally eroded because of the timing of the indictment; "evidence regarding the circumstances of the stop justifying suppression of evidence has either been lost or destroyed." Motion, pp. 4-5. See also Id., p. 2. ("the Defendant has been prejudiced because of his inability to identify or locate witnesses who could provide exculpatory information to him and, more specifically, his inability to reconstruct his activities on the date in question.").

Defendant also argued at the hearing that because the federal government did not adopt the case until after the state government had been forced to dismiss the state court case for failure to timely prosecute him, he should be subjected to a lesser burden of proof.

In its Response to the Motion, the Government stated that the following relevant acts occurred. Defendant was arrested on March 18, 2005, arraigned in the Court of Common Pleas of Allegheny County on state firearms and drug charges on March 18, 2005, and released on bail on March 19, 2005. Government's Response, p. 1. Preliminary hearings were scheduled for five dates between March 23, 2005 and September 14, 2005, with Wolford being held for court after the preliminary hearing finally was held on September 14, 2005. Id. at pp. 1-2. Defendant's case then proceeded to the Allegheny County Court of Common Pleas where his formal arraignment was originally scheduled for November 29, 2005, but then was repeatedly continued, with it finally being held on May 19, 2006. Id at p. 2. A pre-trial conference was held on June 9, 2006 and the defense filed an omnibus pre-trial motion on June 22, 2006. Id. The pre-trial motion

contained a motion to dismiss for violation of the Speedy Trial provisions of Pa.R.Crim.P. 600 and a motion to suppress which alleged that the search of the defendant's vehicle was without probable cause and that any exigent circumstances were caused by the officer's actions. Id. The trial was scheduled for June 30, 2006. Id. On June 6, 2006, the Commonwealth filed a Petition for Nolle Prosequi pursuant to Pa.R.Crim.P. 585 because the "Commonwealth failed to bring Defendant to trial with 365 days." Id. This motion was granted on July 3, 2006. Id.

The matter was then brought to the attention of the United States Attorney's Office for the Western District of Pennsylvania. After reviewing material on the case, a preliminary decision was made to pursue a federal indictment. Government's Response, p. 2. Various charging options were discussed. Id. at p. 3. At first it was thought that Defendant was an "Armed Career Criminal" and a "Career Offender" and therefore, an indictment that charged firearm possession, drug possession and a 924(c) charge would place the Defendant in a U.S.S.G. range of 420 months to life; accordingly, a prospective Indictment was prepared that charged him only with gun and drug charges. Id. It was later determined that Wolford was, by definition, an "Armed Career Criminal" but not a "Career Offender." Id. As a result, the Indictment with which Wolford was ultimately charged was approved and Defendant was indicted on January 24, 2008. Id. at pp. 3-4. He was arrested on January 30, 2008 and this matter has been continued since then due to the defense filing 31 motions. Id. at p. 4.

With respect to the issue of intentional delay, the evidence of record is that the federal government came into the matter late in the game due to the state government's failure to timely prosecute its case against Mr. Wolford. This failure to timely prosecute Mr. Wolford cannot be attributed to and will not be held against the federal government. Then, once it decided to take

4

on the case against Mr. Wolford, the United States Attorney's Office then investigated the case and spent time to determine a way in which to charge Mr. Wolford such that he would not spend much of his remaining adult life in prison. Based upon this record, we find that the evidence does not support the conclusion that the government intentionally delayed bringing the indictment in order to gain some advantage over Mr. Wolford; to the contrary, it appears that the government was attempting to give him a break.

Further, the defense has failed to present evidence that establishes that any delay caused the defendant actual, as opposed to speculative, prejudice. For example, Defendant has not pointed towards any actual witnesses who will no longer be available or any other specific evidence that had actually become unavailable as a result of the pre-indictment delay. "Any defendant alleging pre-indictment delay could easily make these same arguments: that the passage of time without any justification indicates that it is a tactical decision to gain advantage over the defendant and that there is the possibility that witnesses may no longer be available. Yet, these speculative arguments, without more, are not sufficient to satisfy defendant's burden." Gouveia, 467 U.S. at 192 (1984) (citing United States v. Lovasco, 431 U.S. 783, 792-795, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977)).

Moreover, while the defendant argues that his ability to defend has been compromised by the length of time that has passed since the event in question occurred, he ignores the reality that he has been represented by counsel since soon after he was arrested on March 18, 2005; indeed, defense counsel in the state court case filed a motion to suppress similar in scope to the motion to suppress that has been filed in federal court. Further, while defense counsel argued in her Motion that due to the length of time that has passed since March, 2005, the Defendant is unable

5

to identify or locate witnesses, at the hearing, Mr. Wolford had a fact witness present, Mr. Robert Sellmon II. Thus we find that the defense has had ample opportunity to obtain, and maintain, evidence relevant to this case. Defendant's Motion to Dismiss the Indictment against him on the basis of pre-trial delay is denied.

    An appropriate Order will follow.

October 4, 2010

Maurice B. Cohill, Jr.
Senior District Court Judge